UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VERONICA KLUGH,

             Plaintiff,   17-CV-1328
   v.                DISMISSAL ORDER

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

## INTRODUCTION

On December 22, 2017, plaintiff Veronica Klugh, represented by counsel, commenced this action by filing a complaint. ECF No. 1. On December 27, 2017, the Court issued the summons, which, along with the complaint, plaintiff's counsel successfully served on the Commissioner on February 27, 2017. ECF Nos. 4, 10, 11. On May 30, 2018, the Commissioner filed the transcript. ECF No. 7.

Pursuant to Local Rule of Civil Procedure 5.5, dispositive motions from plaintiff were due by July 30, 2018, *i.e.*, within sixty days of the filing of the administrative transcript. *See* Loc. R. Civ. P. 5.5(c). On January 30, 2019, six months beyond the dispositive motion deadline, plaintiff had not filed her motion or otherwise communicated with the Court. Accordingly, pursuant to Local Rule of Civil Procedure 41(b), the Court ordered plaintiff to show cause in writing by March 1, 2019 why this case should not be dismissed for plaintiff's failure to adhere to the dispositive motion deadline. ECF No. 12; *see* Loc. R. Civ. P. 41(b) (indicating that if a civil case has been pending for more than six months and is not in compliance with the Court's directions, the Court may order the parties to show cause why the case should not be dismissed). Plaintiff still has not communicated with the Court. Consequently, this case is DISMISSED WITH PREJUDICE.

1

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). Although it is a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

As to the duration of plaintiff's failure to comply with the Court's Orders, her dispositive motion was initially due nearly eight months ago, on July 30, 2018. Nonetheless, she did not file a motion, nor communicated with the Court otherwise. Then, on January 30, 2019, the Court gave plaintiff another thirty days until March 1, 2019 to show cause and explain why this case should not be dismissed for her failure to file a dispositive motion. ECF No. 12. Plaintiff had notice that her failure to comply would result in the dismissal of this case because the Order to Show Cause explicitly warned her that if she did not respond, her case would be dismissed with prejudice. *Id.*

2

The Court also finds plaintiff's inaction prejudicial to the Commissioner. The Commissioner has an interest in the timely resolution of this case, as the Social Security Administration is significantly overburdened with applications and appeals.

Similarly, although the Court recognizes plaintiff's interest in receiving a fair chance to be heard, it must also consider the heavy demands of its docket, especially in the Social Security context; there are over 1,500 Social Security appeals currently pending in this District. This case is almost a year and a half old, yet it is not fully briefed or ready for the Court to rule on its merits.

The Court has given plaintiff opportunities to be heard and pursue her Social Security appeal, but she has refused to prosecute this action and respond to the Court's Orders. Accordingly, the Court finds that dismissal is appropriate as no lesser sanction would compel plaintiff to prosecute this case.

## CONCLUSION

Because plaintiff failed to comply with the Court's Orders and has not communicated with the Court to explain or correct the noncompliance despite being warned of the consequences of failing to respond, this action is DISMISSED WITH PREJUDICE and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: April 10, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

3